# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SARA KHALIKI, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 4:11-CV-00010-NKL |
| v. | )<br>) |
| HELZBERG DIAMOND SHOPS, INC., | )<br>) |
| Defendant. | )<br>) |

## ORDER

Before the Court is the Motion to Dismiss [Doc. # 7] filed by Defendant Helzberg Diamond Shops, Inc. ("Helzberg"). For the following reasons, the Court grants the motion in part and denies it in part. The Court also grants Plaintiff Sara Khaliki's request for leave to amend her Complaint.

## I. Background

Individually and on behalf of a purported class, Plaintiff Khaliki brings two counts against Defendant Helzberg: one count under the Missouri Merchandising Practice Act, Mo. Rev. Stat. § 407.020 ("MMPA"), and the other for unjust enrichment. The following facts are taken from Plaintiff's Complaint and are assumed true for purposes of this motion to dismiss.

Plaintiff Khaliki is a resident of California who purchased a Helzberg diamond in 2010. Defendant Helzberg is a Missouri-based jewelry retailer with 230 stores nationwide.

Helzberg sells a line of specialty precision cut diamonds called Helzberg Diamond Masterpieces. Defendant has represented that the distinguishing characteristic of a Helzberg Diamond Masterpiece is that, when viewed under a special scope, the diamond displays a clear pattern of perfectly formed hearts and arrows. This "hearts and arrows" cut is highly valued in the retail diamond market for two reasons. First, the hearts and arrows cut requires superior cutting skill and a larger raw diamond. Second, the presence of 8 symmetrical hearts and 8 symmetrical arrows on the diamond provides consumers with an objective, credible, and easily understood measure of premium cut quality.

Defendant Helzberg began selling diamonds in the Helzberg Diamond Masterpiece collection in 2002. In its brochures and in-store sales pitches, Helzberg emphasized that a defining characteristic of the Helzberg Diamond Masterpiece collection was its hearts and arrows cut. The Helzberg Diamond Masterpiece was a success with consumers willing to pay a premium price for the assurance that they were receiving a premium cut diamond.

In 2005, however, Defendant decided to increase its revenues by selling its customers square "princess cut" Helzberg Diamond Masterpieces. Although still marketed and priced as providing the hearts and arrows assurance of a premium cut, these diamonds were not cut using the hearts and arrows precision cutting method and would not display hearts and arrows when viewed under polarized magnification. Instead, these princess cut diamonds were
cut using different faceting patterns and proportions than hearts and arrows diamonds. Consumers who purchased princess cut Helzberg Diamond Masterpiece diamonds therefore

did not receive diamonds with hearts and arrows, which Helzberg promoted as an indication of quality and value assurance.

Defendant Helzberg never disclosed to consumers that the princess cut Helzberg Diamond Masterpiece did not feature hearts and arrows. In fact, Helzberg continued to affirmatively represent that the distinguishing characteristic of the Helzberg Diamond Masterpiece collection was that the diamonds did display hearts and arrows.

Plaintiff Khaliki purchased a princess cut Helzberg Diamond Masterpiece from Defendant in 2010. Plaintiff expected that her diamond would display hearts and arrows. Plaintiff claims that she suffered a loss of money or property as a result of Helzberg's deceptive practices, which are unlawful under the MMPA. Plaintiff also asserts that Helzberg was unjustly enriched as a result of its wrongful conduct and that equity requires that it disgorge its ill-gotten gains.

**II.      Discussion**

Defendant Helzberg now moves to dismiss Plaintiff's Complaint. Helzberg argues that Plaintiff failed to plead sufficient facts to support her claim for violation of the MMPA under Rule 9(b) of the Federal Rules of Civil Procedure. Helzberg also argues that Plaintiff's MMPA and unjust enrichment claims both fail to state a claim for which relief may be granted under Rule 12(b)(6).

    **A.      Plaintiff's MMPA Claim**

        **1.      Rule 9(b)**

Plaintiff Khaliki first argues that Rule 9(b) does not apply to her MMPA claim. Second, Plaintiff argues that even if Rule 9(b) does apply, she has pleaded her MMPA claim with sufficient particularity.

      **a.**      **Whether Rule 9(b) Applies**

The MMPA prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise . . . ." Mo. Rev. Stat. § 407.020. Although the Federal Rules of Civil Procedure require only notice pleading in general, Rule 9(b) also provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiff acknowledges that this Court has often applied Rule 9(b) to MMPA claims. However, according to Plaintiff, "these cases generally pre-date *Ullrich* or simply string cite pre-*Ullrich* cases with no analysis of whether the pleading standard is part of the substantive rights of the pleading party under *Erie*." [Doc. # 12 at 5.]

Plaintiff Khaliki's reliance on *Ullrich v. CADCO, Inc.*, 244 S.W. 3d 772 (Mo. Ct. App. 2008), is misplaced. There, the Missouri Court of Appeals did state that it was "not necessary for [the plaintiff] to allege the elements of common law fraud or that [the defendant] intended to defraud him by misrepresenting its qualifications . . . in order to adequately plead his cause of action under the MMPA." *Id.* at 778. However, the

4

substantive Missouri law question of what elements constitute a claim under the MMPA is distinct from the procedural question of how those elements must be pleaded. Applying Missouri Rule 55.15, the Missouri Court of Appeals found that the plaintiff's petition "included detailed descriptions of the circumstances" and "adequately pleaded his cause of action." *Id*. Thus, *Ullrich* has no relevance to the question of whether Rule 9(b) of the Federal Rules of Civil Procedure applies, or what level of particularity Rule 9(b) demands, but only to the issue of what substantive elements Rule 9(b) would apply to.

As the Court has previously explained, "Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims." *Courchene v. Citibank*, No. 06-4026-CV-C-NKL, 2006 WL 2192110, * 2 (W.D. Mo. Aug. 1, 2006) (citing *In re GMC Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1536 (E.D. Mo.1997), *aff'd*, *Briehl v. GMC*, 172 F.3d 623 (8th Cir. 1999); *FDIC v. Bathgate*, 27 F.3d 850, 876 (3rd Cir.1994)). Plaintiff Khaliki fails to provide any federal caselaw that would call into question this Court's consistent interpretation of Rule 9(b). Therefore, the Court reconfirms that Rule 9(b) states the applicable standard of pleading for claims made under the MPPA.

### b. Whether Plaintiff's MMPA Claim Comports with Rule 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b)'s particularity requirement "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th

Cir. 2006) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* (citations omitted); *see also Commercial Prop. Invs., Inc. v. Quality Inns Int'l*, 61 F.3d 639, 644 (8th Cir. 1995) (requiring particularity with respect to "the identity of the person making the misrepresentation"). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.* (quoting *Costner*, 317 F.3d at 888).

Here, Plaintiff Khaliki's Complaint alleges the following specific facts regarding the "who, what, where, when, and how" of the alleged fraud. First, Plaintiff alleges that she is a citizen of California, who purchased a princess-cut Helzberg Diamond Masterpiece from Defendant Helzberg in 2010. Second, Plaintiff alleges: "In its brochures as well as in its in-store sales pitches, Helzberg emphasized that the defining characteristic of the Helzberg Diamond Masterpiece collection is its hearts and arrows cut . . . ." [Doc. # 1 at ¶ 15.] Third, Plaintiff alleges:

> Helzberg never disclosed to consumers that the princess-cut Helzberg Diamond Masterpiece did not feature hearts and arrows, and in fact continued to affirmatively represent that the distinguishing characteristic of the Helzberg Diamond Masterpiece collection was that the diamonds *did* display hearts and arrows.

6

*Id.* at ¶ 19. Finally, Plaintiff alleges that by misrepresenting the diamonds sold to class members as hearts and arrows diamonds, Defendant Helzberg has violated the MMPA. *Id.* at ¶ 28.

Absent from Plaintiff's allegations are specific details of the defendant's fraudulent acts, including when and where the acts occurred and who engaged in them. *U.S. ex rel. Joshi*, 441 F.3d at 556. As noted in Plaintiff's Complaint, Helzberg is a 230-store jewelry retailer. Yet Plaintiff's factual allegations assert only that "Helzberg" misrepresented its product and do not refer to any particular retail location. Again, the purpose of Rule 9(b) is to enable the defendant to respond specifically and quickly to the potentially damaging allegations. *Id.* General allegations that Helzberg's "brochures" and "in-store sales pitches" contained the misrepresentations fall short of the Rule 9(b) standard. In fact, the Eighth Circuit has previously held that references to false statements in a defendant's "pamphlet" were not sufficiently particular to satisfy Rule 9(b). *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982).

Rather than citing to Eighth Circuit caselaw which might call these precedents into question, Plaintiff again cites to Missouri caselaw indicating that a consumer's reliance on an unlawful practice is not a required element under the MMPA. *Plubell v. Merck & Co.*, 289 S.W.3d 707, 713 (Mo. Ct. App. 2009). As explained above, Missouri substantive law is relevant to the question of which elements must be pleaded, but not the level of particularity with which they must be pleaded. Even assuming that Plaintiff need not plead

7

reliance, she must still plead the remaining elements of her MMPA claim with sufficient particularity under Rule 9(b).

Plaintiff also includes a footnote citing this Court's decision in *Owen v. General Motors Corp.*, No. 06-4067-CV-C-NKL, 2006 WL 2808632, * 1 (W.D. Mo. Sept. 28, 2006). There – again applying Rule 9(b) to a claim under the MMPA – the Court held that requiring a plaintiff to "plead with particularity which agent of GM omitted the material information and precisely where and when the omission occurred would put the Owens in the untenable position of having to plead a negative." *Id.* at * 8. Such a reading of Rule 9(b) would indeed "read the words 'concealment, suppression, or omission' right out of the MMPA by making it impossible to take such a claim beyond the pleading stage." *Id.* Rule 9(b) does not require Plaintiff to plead a negative.

Plaintiff's theory does involve the allegation that Helzberg never disclosed to consumers that the princess-cut Helzberg Diamond Masterpiece did not feature hearts and arrows. However, such a failure to disclose, by itself, is not wrongful practice – in contrast to the allegation in *Owens* that GM's agents concealed material facts concerning defective windshield wipers. 2006 WL 2808632, * 7. Here, Plaintiff's MMPA theory depends on her allegation that Helzberg "continued to affirmatively represent that the distinguishing characteristic of the Helzberg Diamond Masterpiece collection was that the diamonds *did* display hearts and arrows." [Doc. # 1 at ¶ 19.] It is this affirmative misrepresentation that Plaintiff must allege with greater particularity.

As this Court explained in *Baryo v. Philip Morris USA, Inc.*, allegations that the defendants "made numerous representations to the general public, including [the plaintiff] . . . are the sort of conclusory allegations that are insufficient to satisfy Rule 9(b) . . . . [and which] must be amended to comport with the Federal Rules." 435 F.Supp.2d 961, 968 (W.D. Mo. 2006). *Bennett v. Berg*, cited by Defendant Helzberg, also suggested that claims lacking in particularity should be struck without prejudice, and noted that "the purpose of pleading is to facilitate a proper decision on the merits." 685 F.2d at 1062. With that purpose in mind, as well as the liberal standard for amending pleadings under Rule 15(a), the Court grants Plaintiff's request for leave to amend her Complaint. [Doc. # 12 at 12.] Plaintiff will have until April 18, 2011, to file her Amended Complaint.

### 2. Rule 12(b)(6)

Having already granted Plaintiff leave to amend her Complaint, the Court declines to conduct a Rule 12(b)(6) analysis with respect to the MMPA claim at this time.

### B. Plaintiff's Unjust Enrichment Claim

Defendant Helzberg also argues that Plaintiff Khaliki's unjust enrichment claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6).

To satisfy Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to

9

the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (citation omitted). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

"The elements of unjust enrichment are: 'a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable.'" *Bauer Dev. LLC v. BOK Fin. Corp.*, 290 S.W.3d 96, 100 (Mo. Ct. App. 2009) (quoting *Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo. Ct. App. 2006)). The Missouri Supreme Court has held that to state a claim for unjust enrichment, a plaintiff must allege that a benefit was conferred on the defendant by that particular plaintiff. *American Civil Liberties Union/E. Mo. Fund v. Miller*, 803 S.W.2d 592, 595 (Mo. 1991) (en banc).

Defendant Helzberg makes two arguments why Plaintiff's unjust enrichment claim must be dismissed. First, Helzberg argues that Plaintiff failed to allege that she in particular – as opposed to a member of the purported class – conferred a benefit on Helzberg. Yet, Plaintiff specifically alleges that she purchased a princess-cut Helzberg Diamond

Masterpiece from Helzberg in 2010. The Complaint details the allegedly deceptive practices by Helzberg and claims that Helzberg was unjustly enriched as a result of its wrongful conduct, to the detriment of Plaintiff and the class. Under the normal notice pleading standard of the federal rules, such allegations put Defendant on notice of the unjust enrichment claim against it.

Defendant Helzberg cites two of the Court's cases that dismissed unjust enrichment claims where the benefit was conferred upon the defendant by a third party. *See Speaks Family Legacy Chapels, Inc. v. National Heritage Enterprises, Inc.*, No. 08-CV-04148-NKL, 2009 WL 2391769, *1 (W.D. Mo. Aug. 3, 2009); *Wiles v. Sw. Bell Tel. Co.*, No. 09-CV-4236-NKL, 2010 WL 1463025, *1 (W.D. Mo. Apr. 13, 2010). For example, in *Wiles* the court dismissed an unjust enrichment claim because any benefit enjoyed by the defendant there was conferred by the Missouri Department of Revenue, not the plaintiffs. Those cases are distinguishable from the instant case, in which the Court reads Plaintiff's Complaint as alleging that she directly conferred a benefit upon Defendant that unjustly enriched it.

Second, Helzberg argues that Plaintiff does not explain how or why the price she paid Helzberg for her diamond was excessive or inequitable. Again, under the federal notice pleading standards, Plaintiff's Complaint adequately puts Defendant on notice of her claim that she conferred a benefit directly on Defendant when she overpaid for an inferior product and thereby unjustly enriched Helzberg. The Complaint goes into considerable detail with respect to the retail diamond market, and the Court must assume the truth of such allegations on this motion to dismiss.

For the reasons stated above, Defendant's arguments have failed to show that Plaintiff's unjust enrichment claim runs afoul of Rule 12(b)(6).

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendant Helzberg's Motion to Dismiss [Doc. # 7] is granted with respect to Plaintiff Khaliki's MMPA claim, but Plaintiff is given until April 18, 2011, to file an amended Complaint. Defendant's motion is denied in all other respects.

                                                 s/ Nanette K. Laughrey
                                              NANETTE K. LAUGHREY
                                              United States District Judge

Dated: April 6, 2011
Jefferson City, Missouri