UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SARA KHALIKI, individually and on behalf of a class of others similarly situated,

Plaintiffs,

v.

HELZBERG'S DIAMOND SHOPS, INC.,

Defendant.

Case No. 11-0010-CV-W-NKL

## REPORT AND RECOMMENDATION

This action was referred to the undersigned magistrate judge for consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Expenses and Incentive Award. On March 8, 2012, the Court held a hearing to consider the motions. The Class appeared through Norman E. Siegel and Defendant Helzberg appeared through Elaine D. Koch and Catesby A. Major. In anticipation of the hearing, the parties also submitted proposed orders granting final approval of the settlement, and granting final approval to the award of attorneys' fees, costs and an incentive award, and a proposed final judgment.

After review of the Motion for Final Approval of Class Action Settlement (Doc. 49) and Memorandum in Support (Doc. 50), and considering arguments at the hearing, the Court hereby recommends pursuant to Federal Rule of Civil Procedure 23(e) that Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement be granted in the form proposed by the parties. The Court finds that the settlement is fair, reasonable and adequate in all respects and

1

provides substantial and meaningful relief to the Class. Counsel verified that the notice of the settlement conformed to the preliminary approval order. The Court finds that the notice program fully complied with Rule 23 of the Federal Rule of Civil Procedure and the requirements of due process, providing to the Class the best notice practicable under the circumstances. No class members submitted objections to the proposed settlement and none appeared at the hearing in opposition to the settlement.

The Court is also satisfied that the settlement was fairly and honestly negotiated as it was the result of vigorous arms-length negotiations which were undertaken in good faith by capable and experienced counsel, and that serious questions of law and fact exists such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.

After review of Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Expenses and Incentive Award (Doc. 51), the brief in support and exhibits thereto (Doc. 52), and considering the arguments at the hearing, the Court further hereby recommends Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Expenses and Incentive Award be granted in the form proposed by the parties. The Court has considered the four factors identified by the Eighth Circuit in setting a reasonable fee using the lodestar method: (1) the number of hours spent by counsel; (2) counsel's 'reasonable hourly rate'; (3) the contingent nature of success; and (4) the quality of the attorneys' work." *In re United Health Group Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158-59 (D. Minn. 2009) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975)). After review of these factors, the Court finds and concludes that Class Counsel's request for $225,000 in attorneys' fees and reimbursement of expenses is fair and reasonable.

The fee award sought by Plaintiff was separately negotiated by experienced counsel only after an agreement on behalf of the Settlement Class was reached. The award of attorneys' fees will be paid separately by Helzberg and will not reduce the funds available to the class under the settlement. No objections have been lodged against the requested attorneys' fees and costs. Moreover, the Court finds that Class Counsel provided excellent representation in this litigation. Class Counsel's efforts resulted in a favorable result relatively early in the case, which benefits the Class while preserving judicial resources. Class Counsel faced considerable risk in pursuing this litigation on a contingent basis, and obtained a favorable result for the class given the legal and factual complexities and challenges presented. In light of the results obtained for the class and the substantial amount of time expended and expenses incurred, which exceed the requested fee and expense reimbursement, the $225,000 request is fair and reasonable.

The Court has also considered Class Counsel's request for an incentive award for the Named Plaintiff in this case. The Court finds that the effort the Named Plaintiff devoted to this matter contributed to the overall result and benefited the class, and that the Named Plaintiff is thus deserving of an incentive award. The Court finds that Class Counsel's request for an incentive award of $5,000 for the Named Plaintiff is reasonable. *See In re Aquila ERISA Litig.*, No. 04-00865-CV-DW, 2007 WL 4244994, at *3 (W.D. Mo. Nov. 29, 2007) (awarding incentive awards between $5,000 and $25,000 for named plaintiffs because they "rendered valuable service to the Plan and all Plan Participants. Without this participation, there would have been no case and no settlement."). For the above reasons, it is

RECOMMENDED that, after conducting an independent review of the record, and pursuant to Federal Rule of Civil Procedure 23(e), the District Judge enter the proposed (1) Order Granting Final Approval to Settlement; (2) Order Granting Plaintiff's Unopposed Motion

for Approval of Attorneys' Fees, Expenses and Incentive Award; and (3) Final Order of Judgment and Dismissal with Prejudice in the form submitted by the parties.

Counsel are reminded that failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of entry shall bar an aggrieved party from attacking such Report and Recommendation before the District Judge. 28 U.S.C. §636(b)(1)(B).

                                        **/s/ JOHN T. MAUGHMER**
                                             John T. Maughmer
                                           U.S. Magistrate Judge

Dated: March 9, 2012